# UNITED STATES DISTRICT COURT
# FOR
# THE MIDDLE DISTRICT OF LOUISIANA

_____DIVISION

| | |
|---|---|
| **MAURICE POTILLO (DOC) # 747521**<br>**Plaintiff,**<br><br>vs.<br>**STATE OF LOUISIANA,**<br>**ELAYN HUNT CORRECTIONAL**<br>**CENTER, WARDEN CARL THOMAS,**<br>**ELAYN HUNT CORRECTIONAL**<br>**CENTER STAFF, LOUISIANA**<br>**DEPARTMENT OF PUBLIC SAFETY**<br>**AND CORRECTIONS,**<br>**Defendant's et-al** | Civil Action, File Number_____<br><br>**COMPLAINT**<br>**MEDICAL TREATMENT/MEDICAL CARE**<br>**TITLE 42 U.S.C. 1983 SECTIONS 241; 242**<br>**ADMENDMENT VIII VIOLATIONS CRUEL**<br>**AND UNUSUAL PUNISHMENT**<br>**SETTLEMENT FOR DAMAGES** |

*U.S. DISTRICT COURT MIDDLE DISTRICT OF LOUISIANA FILED JUL 08 2024 CLERK*

## I.
## ALLEGATIONS OF JURISDICTION

Jurisdiction is founded on the existence of a Federal question and amount in controversy. This action arises under the Constitution of the United States, Amendment VIII Cruel and Unusual Punishment, violations of Title 42 U.S.C. 1983 sections 241 and 242 Conspiracy Against and Deprivation of Rights, the matter in controversy exceeds, exclusive of interest and costs, the sum of fifty thousand dollars. In compliance to exhausting all available remedies for grievance procedures as specified through ("CARP") **Corrections Administrative Remedy Procedures** in accordance to Federal law and Louisiana State law before going forward with and filing this Complaint against ELAYN HUNT CORRECTIONAL



1.

CENTER; WARDEN CARL THOMAS; ELAYN HUNT CORRECTIONAL CENTER STAFF, STATE OF LOUISIANA and LOUISIANA DEPARTMENT OF CORRECTIONS known as Defendant's et-al in District Court. The nature of this Complaint shall be brought with respect to **_42 U.S.C. 1983 sections 241 and 242_** of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility and applies to any Federal Civil Actions brought by inmates in Court for any violation of rights or unjust treatment while imprisoned. Due to the limited grievances issues that can be raised by a Louisiana inmate in custody in State penitentiary, Plaintiff is not allowed to raise other issues other than in accordance to Administrative Remedy Procedure, the State Legislature, State Case law and the policies of the Department of Public Safety and Corrections.

## II.

## COMPLAINT

MAURICE POTILLO, Plaintiff is confined to ELAYN HUNT CORRECTIONAL CENTER and began to serve a sentence of 15 years' hard labor August 21, 2020. Thereafter confinement, Plaintiff MAURICE POTILLO has experienced on several occasions from ELAYN HUNT CORRECTIONAL CENTER STAFF personal and unethical (Misconduct) which is wrongful, improper, or unlawful conduct that, Plaintiff believes to have been motivated by premeditated, or intentional injurious purposes, or is the result of obstinate indifference to the consequences of maltreatment by ELAYN HUNT CORRECTIONAL CENTER STAFF and/or WARDEN CARL THOMAS of such acts that amounted to forbidden acts and/or resulted in a failure and/or negligence to do that which is required, thus causing harm to

2.

Plaintiffs' health and well-being while in custody since the year 2020 to present. Plaintiff will through this action try to provide a chronological order of alleged facts of the events pertaining to the maltreatment and the ***actual reasons*** thereof Plaintiff is suffering further ***Cruel and Unusual Punishments visited upon Plaintiff while incarcerated*** at ELAYN HUNT CORRECTIONAL CENTER while under the supervision of WARDEN CARL THOMAS and employees of the STATE OF LOUISIANA whom have been deliberately indifferent to Plaintiffs' medical needs during times of illness and depriving Plaintiff on several occasions of basic necessities of life such as, hygiene items, soap, showers, and deteriorated inmate living conditions through use of bogus manufactured inmate infractions to isolate Plaintiff in solitary confinement. Plaintiff recalls that, the first incident occurred shortly after Plaintiff arrived at ELAYN HUNT CORRECTIONAL CENTER in August 2020 when, a medical request for an asthma pump was sent in for Plaintiffs' asthma condition and Plaintiff did not receive the asthma pump. After Plaintiff inquired several times about the asthma pump, ELAYN HUNT CORRECTIONAL MEDICAL STAFF told Plaintiff that, Plaintiffs' asthma pump hadn't arrived as ordered. Because of such delays, Plaintiff suffered severe asthma attacks on several occasions while waiting and before Plaintiffs' asthma pump arrived. Also in addition to such asthma pump incidents, Plaintiff believes that, Plaintiffs' subsequent 2021 filing of Habeas Corpus, Post-Conviction Relief process that challenged the legality of Plaintiffs' incarceration and filing of other remedies with the GSA GENERAL SERVICES ADMINISTRATION and Plaintiffs' American Indian Tribal Counsel further escalated Plaintiffs' maltreatment by ELAYN HUNT

CORRECTIONAL CENTER STAFF and WARDEN CARL THOMAS whom in addition to Plaintiffs' incarceration added other forms of Cruel and Unusual Punishments while Plaintiff is incarcerated. Subsequently, WARDEN CARL THOMAS is listed as the Respondent Party in Plaintiffs' HABEAS CORPUS and POST CONVICTION RELIEF correspondence presented to the LOUISIANA 19th JUDICIAL DISTRICT COURT which challenged both the legality of conviction and incarceration of Plaintiff. Plaintiff believes and has evidence that, Plaintiff began receiving further maltreatment after filing HABEAS CORPUS, POST-CONVICTION RELIEF and other remedy correspondence and that, the maltreatment and Cruel and Unusual Punishments escalated which is retaliatory in nature and conspiratorial in combination in addition with the negligence that previously was exhibited and visited upon Plaintiff by Defendant's et-al even before Plaintiff challenged the legality of Plaintiffs' conviction and incarceration at ELAYN HUNT CORRECTIONAL CENTER.

***Cruel and unusual punishment; refers to punishment that fails to meet social decency standards – because it is either overly painful, torturous, degrading, or humiliating or is grossly disproportionate to the crime committed. United States v. Pena, 64 M.J. 59 (the Eighth Amendment prohibits cruel and unusual punishment); Weems v. United States the United States Supreme Court ruled in favor of Weems on the basis that the punishment for the crime committed was vastly disproportionate to the crime. The cruel and unusual punishment clause of the Eighth Amendment protects criminal convicts from "unnecessary and wanton infliction of pain (see) Supreme Court rule Gregg v. Georgia (1976) which serves as precedent to check on prison officials to ensure they use acceptable forms of punishment. Conspiracy under Title 42 U.S.C. 1983 Section 241; 2 or more persons conspire to injure, oppress, threaten, or intimidate any person in any State, Territory, Commonwealth, Possession, or District in the free***

***exercise or enjoyment of any right or privilege secured to him by the Constitution or laws of the United States, or because of his having so exercised the same -- or If two or more persons go in disguise on the highway, or on the premises of another, with intent to prevent- or- hinder his free exercise or enjoyment of any right or privilege so secured***.

On May 5, 2021, Plaintiff filed HABEAS CORPUS and POST CONVICTION RELIEF and other remedies. Around that time, Plaintiff also had to contact an outside source (Ombudsman) through a concerned loved one to contact ELAYN HUNT CORRECTIONAL CENTER and WARDEN CARL THOMAS about medical conditions in regards to Plaintiff not receiving breathing treatments and asthma medicine. Simultaneously within a short amount of time Plaintiff and Plaintiffs' loved one also began to have well planned psychological attacks placed upon both Plaintiff and loved one by ELAYN HUNT CORRECTIONAL CENTER STAFF in which Plaintiffs' loved one had to make several courtesy calls on recorded line to ELAYN HUNT CORRECTIONAL CENTER STAFF and WARDEN CARL THOMAS personally to do courtesy checks on Plaintiff MAURICE POTILLIO to make sure Plaintiffs' well-being was alright and that, Plaintiff was not harmed and receiving proper medical care. During the course of the psychological oppressive attacks, ELAYN HUNT COREECTIONAL CENTER STAFF was making sure to keep up psychological attacks by sometimes staging bogus write-ups and placing Plaintiff on lock-down without a hearing, then stating to Plaintiffs' concerned loved one that, Plaintiff was not on lock-down when actually Plaintiff was on lock-down and could not make calls to loved one and family during lock-down periods. Also from time to time on several occasions ELAYN HUNT CORRECTIONAL CENTER STAFF started confiscating Plaintiffs' mail and as of the time of this Complaint, Plaintiff has not received mail

confiscated by ELAYN HUNT CORRECTIONAL CENTER STAFF nor a reason Plaintiffs' mail was confiscated. It was later discovered that, around February 2022 by Plaintiffs' loved one and independent counsel that, shifty corrupt procedures about Plaintiffs' HABEAS CORPUS, POST-CONVICTION RELIEF and other remedies sought were factors in Plaintiffs' maltreatment while incarcerated. There were never any Evidentiary hearings for Plaintiffs' HABEAS CORPUS and POST-CONVICTION RELIEF for Plaintiff to attend hearings, nor was Plaintiff present during Court decisions although Court documents read as if Plaintiff had been present and/or represented during such Court hearings and Court decisions. Plaintiffs' case was also sealed by Judge Crifasi and Plaintiff was denied a copy of Plaintiffs' Sealed Court transcripts which is now evidence of a conspiracy whereas, Plaintiff has to take legal action. The purpose of the content of this section of this Complaint is to also show the intent, egregious behavior and patterns exhibited towards Plaintiff by ELAYN HUNT CORRECTIONAL CENTER STAFF, WARDEN CARL THOMAS and EMPLOYEES known as Defendant's et-al whom are employed by the STATE OF LOUISIANA who are purposely conspiring to bury Plaintiffs' rights and are hindering and oppressing Plaintiff in the process for exercising those rights.

***<u>Deprivation of Rights under Title 42 U.S.C. 1983 Section 242; Whoever, under color of law, statute, ordinance, regulation, or custom, willfully subjects any person in any State, Territory, Commonwealth, Possession, or District to the deprivation of any rights, privileges, or immunities secured or protected by the Constitution or laws of the United States, or to different punishments, pains, or penalties, on account of such person being an alien, or by reason of his color, or race, than are prescribed for the punishment of citizens, shall be fined under this title or imprisoned not more than one year. And if bodily injury results from the acts committed in violation of this section or if such acts include the use,</u>***

*<u>attempted use, or threatened use of a dangerous weapon explosives or fire shall be fined under this title or imprisoned not more than ten years, or both, and if death results from the acts committed in violation of this section or if such acts include kidnapping or an attempt to kidnap, aggravated sexual abuse, or an attempt to commit aggravated sexual abuse, or an attempt to kill, shall be fined under this title, or imprisoned for any term of years or for life, or both, or may be sentenced to death</u>*.

## III.

## **NATURE AND CAUSE OF ACCUSATIONS**

Plaintiff hereby has written down and documented some of the accusations of Defendant's et-al starting in the year 2022 of Plaintiffs' incarceration because previously to Plaintiff documenting incidents, the correct grievance forms to initiate inmate grievances were never given to Plaintiff throughout all of Plaintiffs' grieve-able periods. Even though Federal law and Louisiana State law requires that an inmate exhaust all Corrections Administrative Remedy Procedures before filing a Complaint, Plaintiff contends that, ELAYN HUNT CORRECTIONAL CENTER STAFF and WARDEN THOMAS never provided the correct grievance forms for Plaintiff to initiate initial grievances nor provided any meaningful administrative remedy procedure for Corrections Administrative Remedy Procedures to follow although, both Federal law and Louisiana State law requires an inmate/prisoner to abide by and exhaust such administrative remedy procedures.

7.

*<u>According to the 1997 6th Circuit case White v. McGinnis, administrative remedies are considered exhausted when prison officials don't respond to a prisoner's initial grievance. Other cases, including Miller v. Tanner (1999) and Pearson v. Vaughn (2000), have also found that prisoner's administrative remedies are exhausted when staff tell them no appeal is possible</u>*.

Because Plaintiff could not get initial grievance forms from ELAYN HUNT CORRECTIONAL CENTER STAFF, Plaintiff recalls in written note(s) to self that, between May 25, and June 19, 2022 that, Plaintiff was not given prescribed medications and/or breathing treatments for asthma. Because Plaintiff could not receive the breathing treatment for asthma symptoms, Plaintiff was forced to buy two asthma pumps. While waiting for the delivery of the asthma pumps, particularly on June 18, 2022 a Saturday, Plaintiff began having severe asthma symptoms and went to the guard kiosk and asked a Correction Officer on shift to contact the nurse station because, Plaintiff needed to go to the medical station because of Plaintiffs' medical condition. The Correction Officer on duty, Officer Smith dialed the nursing station to tell the nurse on duty that, Plaintiff was in serious need of medical treatment/breathing treatment for asthma. The nurse on duty replied that, *<u>"it's the weekend and that, they could not help Plaintiff and that, Plaintiff would have to wait until Monday June 20, 2022</u>*. Later on, by Wednesday June 22, 2022 the time the next delivery date for Plaintiffs' asthma pumps were scheduled to arrive; they were not in the delivery.

8.

Plaintiff then inquired to Ms. Purtawn about the previous order made by Plaintiff May 25, 2022 in which, **_Ms. Russell reassured Plaintiff that, Plaintiffs' order for meds was in and just waiting for delivery which did not arrive before the June 18, 2022 incident 4 days prior to delivery_**. Plaintiff also noted that, other inmates who had ordered medical supplies received theirs on time June 22, 2022 except Plaintiff. Plaintiff suffered undue stress from the wanton negligence of ELAYN HUNT CORRECTIONAL CENTER STAFF from not receiving timely medications. **_It is medically proven that, stress can make asthma symptoms worse and trigger asthma attacks in people who suffer from asthma which can lead to a cycle of stress_**. Plaintiff has been under stress like conditions before sentencing and thereafter arriving at ELAYN HUNT CORRECTIONAL CENTER. The unnecessary stress caused by ELAYN HUNT CORRECTIONAL CENTER STAFF under the supervision of WARDEN CARL THOMAS has tremendously affected Plaintiff while in custody. With the totality of incidents, self-noted and/or written but not initially and officially recorded through official grievance redress procedures by Plaintiff, the occurrences of such un-written and un-recorded incidents is greater than presented here. On August 24, 2022, Plaintiff had a severe asthma attack and Plaintiff did not receive any medical treatment from ELAYN HUNT

CORRECTIONAL CENTER MEDICAL STAFF to help Plaintiff recover. The only response Plaintiff was given at the time is, ***"They no longer have any medical personnel at night time, nobody is there to help Plaintiff."*** On other occasions, Plaintiff recalls ELAYN HUNT CORRECTIONAL CENTER STAFF Corrections Officers named Lt. Gorgetown and Officer Butler who always harasses Plaintiff whenever they see an opportunity to. Plaintiff has noticed on several occasions that, both ELAYN HUNT CORRECTIONAL CENTER Correction Officers would walk into Plaintiffs' dorm area open lockers and take whatever they wanted and then distribute the spoils to their favored inmates. On January 21, 2023 Plaintiff was put on store and phone restrictions. On January 23, 2023 and January 24, 2023 Plaintiffs' loved one was making calls to ELAYN HUNT CORRECTIONAL CENTER STAFF and had to contact WARDEN CARL THOMAS personally after making other courtesy checks on Plaintiffs' well-being after not hearing from Plaintiff and getting the run-around from other ELAYN HUNT CORRECTIONAL CENTER STAFF about Plaintiffs' status. WARDEN CARL THOMAS assured Plaintiffs' loved one that Plaintiff was not on lockdown nor phone restrictions from the information in the WARDEN's database. This went on for approximately one week. Also on January 25, 2023, in the middle of this latest fiasco, Plaintiff had to inquire about not receiving another asthma pump. On

February 2, 2023 Plaintiffs' loved one called ELAYN HUNT CORRECTIONAL CENTER STAFF to do a courtesy check on Plaintiff after not hearing from Plaintiff after about a week. After contacting STAFF, Officer Williams told Plaintiffs' loved one, **_"Maybe he doesn't want to talk to you."_** Also on February 2, 2023, during that time, as Plaintiff went to the inmate store to buy some peanuts, Plaintiff was turned away by Ms. Rayburn and told, **_"It's not your day for store"_**. After Plaintiff was turned away, Plaintiff noticed that Ms. Rayburn was letting other inmates from the same dorm Plaintiff was housed buy items from the store. On February 15, 2023 Plaintiff recalls in a note to self-asking Nurse Ms. Green about an asthma pump Plaintiff was supposed to have received. Plaintiff has been inquiring about the asthma pump for almost a month since around January 25, 2023. Plaintiff states that, Ms. Green told Plaintiff that, Plaintiffs' asthma pump has not arrived yet. Plaintiff asserts that, Ms. Green had previously lied to Plaintiff before about not having asthma pump available for Plaintiff when the asthma pump was actually available. During this time of the asthma pump inquiries to Ms. Green, Plaintiff subsequently was also being sentenced to 30 days' lockdown for other bogus disciplinary violation(s) made up by ELAYN HUNT CORRECTIONAL CENTER STAFF. At this particular time, from February 16, 2023 to March 9, 2023, while Plaintiff was on

11.

lockdown from these periods, Plaintiff was purposely denied basic hygiene necessities such as soap, towels and cleaning supplies by Officer Wiggins when Plaintiff requested such items and the living condition of the cell Plaintiff was housed was in deteriorated condition in which, Plaintiffs cell had a leaking toilet and mold in the cell that made an unbearable stench. Plaintiff also recalls that, for 4 days ELAYN HUNT CORRECTIONAL CENTER STAFF purposely did not allow Plaintiff to come out of cell to take showers nor make calls home to loved ones specifically, on Officer Randell's shift while in lockdown.  On another occasion March 29, 2023, Plaintiff noticed brown water coming out of the drinking water which Plaintiff believes to be un-healthy and un-fit for human consumption. Plaintiff believes that, sewage water from busted sewage pipes at ELAYN HUNT CORRECTIONAL CENTER has mixed in with the drinking water Plaintiff and other inmates drink while incarcerated. On other occasions while in the chow line, Plaintiff noticed ELAYN HUNT CORRECTIONAL CENTER STAFF Captain Major Pierce on the chow line instructing other chow line personnel to commit unsanitary acts by using dirty trays that other inmates already ate from for inmates going through the chow line without even having cleaned the dirty trays yet.  On another occasion Plaintiff received turkey wings during chow that made Plaintiff sick and vomit to the

point Plaintiff had a medical emergency and needed emergency medical treatment. Plaintiff believes due to previously witnessing unsanitary practices that, such may have contributed to Plaintiff getting sick and vomiting. On April 3, 2023 around 5 p.m. through 5:30 pm., Correction Officer Dauzat abruptly halted Plaintiffs' recreational activities and accused Plaintiff of having a bulge in the pants Plaintiff was wearing while Plaintiff was shooting pool in the gym recreation area. Plaintiffs' prison I.D. was seized by Officer Dauzat and Plaintiff was stripped searched by Officer Dauzat with other ELAYN CORRECTIONAL CENTER STAFF in attendance where nothing was found on Plaintiff. After the strip search Plaintiff asked Officer Dauzat for the prison I.D. seized and Officer Dauzat told Plaintiff "no". On April 4, 2023 at approximately 9:30 a.m. while Plaintiff was at the gym again, Officer Dauzat walked into the gym area and purposely stood in front of Plaintiff in an intimidating manner while chewing tobacco and spit bottle in hand staring meanly at Plaintiff for more than a few moments. Plaintiff felt threatened and very uncomfortable from the previous encounter from April 3, 2023 and was now confronted again by Officer Dauzat again April 4, 2023 staring at Plaintiff in a threatening and intimidating manner. On May 24, 2023 Plaintiff was without medicine for asthma and had not received an asthma pump. Plaintiff inquired

13.

with ELAYN HUNT CORRECTIONAL CENTER STAFF about the whereabouts of Plaintiffs' asthma pump up until June 9, 2023, for approximately (16 days). On May 28, 2023 Plaintiffs' loved one sent Plaintiff some money, instead of receiving the money in the usual (2 days) May 30, 2023, the money did not get to Plaintiff until June 5, 2023 (6) days later. On another occasion Plaintiff didn't receive a tablet purchased for Plaintiff.

On February 22, 2024 without warning, about 15 to 20 ELAYN HUNT CORRECTIONAL CENTER STAFF Correction Officers abruptly entered Fox 3 where Plaintiff was housed and zip tied by C.O.'s McKinley and Allen who took Plaintiff to another room and stripped searched Plaintiff. Plaintiff was placed in solitary confinement without a hearing and later was told, Plaintiff was charged for .25 grams of marijuana and .05 grams of methamphetamine found in Plaintiffs' locker. Plaintiff tried to express to ELAYN HUNT CORRECTIONAL STAFF that, Plaintiff has not indulged in drug use nor participates in drug activity while incarcerated and even requested for video as evidence to prove Plaintiffs' innocence but was eventually denied the video request. Plaintiff has come to the conclusion and expresses that ELAYN HUNT CORRECTIONAL CENTER STAFF had conspired against Plaintiff to plant explicit drugs in Plaintiffs' locker and then used such manufactured

14.

incident to cause further unusual punishment by placing Plaintiff in lockdown solitary confinement before giving Plaintiff a disciplinary hearing where Plaintiff was housed in cell B-2 for 94 days.

## VI.

## CONCUSIONS

The following incidents of violations of Plaintiffs' rights were committed at ELAYN HUNT CORRECTIONAL CENTER. The Defendant's et-al work at ELAYN HUNT CORRECTIONAL CENTER and are employed by STATE OF LOUISIANA, DEPARTMENT OF PUBLIC SAFETY AND CORRECTIONS.

- The Eighth Amendment of United States Constitution makes it very clear that, lack of access to medical treatment and care, solitary confinement and unsanitary conditions are violations of prisoners' rights while incarcerated.

- Defendant's et-al have taken Oaths to thereby uphold the United States Constitution which the Eighth Amendment is under. The violations of Plaintiffs' right not to be subject to Cruel and Unusual Punishment for each count of Oath violation per person violating are several during the course of Plaintiffs' incarceration.

15.

- Plaintiff has stated in this prisoner complaint the patterns and egregious behavior of Defendant's et-al that amount to the following elements of abuse, Maltreatment/Mistreatment, Psychological, Emotional and Mental Abuse, Neglect, Institutional Abuse, Financial Abuse, Exploitation and Neglect/Negligence by employees employed by the STATE OF LOUISIANA while incarcerated at ELAYN HUNT CORRECTIONAL CENTER, LOUISIANA DEPARTMENT OF PUBLIC SAFETY AND CORRECTIONS

- Plaintiff contends that, Defendant's et-al use of the following Elements of Abuse while incarcerated which consisted of Psychological Abuse/Emotional Abuse, Institutional Abuse Financial Abuse, Neglect and Exploitation has damaged Plaintiff physically and mentally.

- Plaintiff contends that, Defendant's et-al are responsible for Eighth Amendment Violations by denying Plaintiff access to proper medical treatment and medical care and using solitary confinement and exposing Plaintiff to unsanitary conditions caused further physical and mental anguish.

- Plaintiff contends that, Defendant's et-al conspired on several occasions to deprive Plaintiff rights secured by the Constitution of the United States. Conspiracy is defined when 2 or more persons conspire to injure, oppress, threaten, or intimidate any person in any State, Territory, Commonwealth, Possession or District of the free exercise of any right or enjoyment of any right or privilege secured to him by the Constitution or laws of the United States.

- Plaintiff contends that on one occasion while in chow line at ELAYN HUNT CORRECTIONS CENTER that Plaintiff witnessed STAFF doing unsanitary practices and out of the necessity to eat for nourishment Plaintiff was forced to unwillingly participate in unsanitary practices with unclean food trays being used after other inmates had already eaten from same food trays and having food put back on to uncleaned food trays which Plaintiff had to eat from unsanitary food tray.

- Plaintiff contends on another occasion in the chow hall at ELAYN HUNT CORRECTIONS CENTER Plaintiff was served spoiled Turkey wings during chow and after the meal became sick and vomited after eating such spoiled Turkey wings.

17.

## VII.

## **SETTLEMENT FOR DAMAGES**

Plaintiff prays, to hereby have this matter resolved by reasonable standards in a reasonable manner with Defendant's et-al. Plaintiff is hereby levying this lawsuit against ELAYN HUNT CORRECTIONAL CENTER, STATE OF LOUISIANA AND LOUISIANA DEPARTMENT OF PUBLIC SAFETY AND CORRECTIONS AND WARDEN CARL THOMAS in his OFFICIAL CAPACITY in the amount of 3.5 million U.S. Dollars, Three Million Five Hundred Dollars in U.S. functional currency for the total combination of repeated Eighth Amendment Constitutional Violations of Cruel and Unusual Punishments; Oath of Office Violations; Deprivations of Rights; Conspiracies Against Rights; Maltreatment; Denying Access to Proper Medical Treatment and Medical Care; Unsanitary Conditions, forced into Solitary Confinements and Phone restrictions without disciplinary hearings; Missing Mail and/or Mail Tampering; Physical and Psychological Abuse; Mental and Emotional Abuse; Institutional Abuse; Exploitation and Financial Abuse inflicted by ELAYN HUNT CORRECTIONS CENTER STAFF while Plaintiff has been incarcerated in custody under care of WARDEN CARL THOMAS.

Respectively submitted,

This __5__ day of __July__, 20__24__,

--by: _[signature] Chui Chi Bee POA_
Plaintiff

# PROCESS OF SERVICE CERTIFICATE

On this __5__ day of __July__, 20__24__, the following was respectively presented and executed, and filed by Power of Attorney on behalf for Maurice Potillo.

All Rights Reserved "without prejudice"

Sui Juris

--by: __Chermicka Brown POA__

Maurice Potillo 346-499-3219

Chermicka Brown
117 Clairmont drive Lagrange
Georgia 30240

**JURAT**

Maurice Potillo
Elayn Hunt Correctional Center 6925 Highway 79
Saint Gabriel, Louisiana 70776

Republic of Louisiana    )
                         ) ss.
Baton Rouge County       )

Subscribed before me on this __5th__ day of __July__, 20__24__,

__Chermicka Brown__ proved with sufficient evidence to be the Power of Attorney who is authorized to execute this process of service certificate on behalf of Maurice Potillo.

DOCUMENT NOT PREPARED BY NOTARY

20.

NOTARY LIABLE FOR NOTARIZATION ONLY

[Notary Seal: LAKITA V OLIVER, NOTARY PUBLIC, STATE OF LOUISIANA, COMMISSIONED FOR LIFE, NOTARY ID NO. 53357, EAST BATON ROUGE PARISH, LA]