UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

MAURICE POTILLO (#747521)                        CIVIL ACTION NO.

VERSUS                                                               24-550-JWD-EWD

STATE OF LOUISIANA ET AL.

## RULING

Before the Court is a letter[1] filed by the *pro se* Plaintiff Maurice Potillo ("Plaintiff") that appears to attempt to explain the nonpayment of the initial partial filing fee in this case, so the Court interprets the letter as a Motion to Alter or Amend Judgment brought pursuant to Federal Rule of Civil Procedure 59(e). The Motion will be denied.

Plaintiff has properly brought this Motion pursuant to Federal Rule of Civil Procedure 59(e), as Plaintiff's Motion was filed within 28 days of the final judgment. For a motion to succeed under Rule 59(e), the party must clearly establish a manifest error of law or fact or present newly discovered evidence.[2] A Rule 59(e) motion has a narrow scope and allows a party to either present newly discovered evidence or to correct manifest errors of law or fact.[3] Arguments that could have been raised before the entry of the judgment including rearguing evidence and legal theories are not the purpose of a Rule 59(e) motion.[4] It is not proper to use Rule 59(e) to re-litigate or get "a second bite of the apple" on previously addressed issues by the parties or the Court.[5] Relief from a judgment, due to its narrow scope, is an extraordinary remedy that should not be used often.[6]

---

[1] R. Doc. 13.
[2] *Ross v. Marshall*, 426 F.3d 745, 763 (5th Cir. 2005) (internal quotations omitted).
[3] *Templet v. HydroChem Inc.*, 367 F.3d 473, 478-79 (5th Cir. 2004).
[4] *Id.*
[5] *N. Cypress Med. Ctr. Operating Co. v. Blue Cross Blue Shield of Texas*, 2010 WL 2245075, at *1 (S.D. Tex. Jun. 2, 2010).
[6] *Templet*, 367 F.3d at 479.

On August 15, 2025, the Court dismissed this action as a result of Plaintiff's failure to pay the initial partial filing fee or adequately show cause as to why the fee had not been paid.[7] Plaintiff's Motion is a clear attempt at getting a second bite at the proverbial apple, as he uses the letter as a second attempt to show cause as to why he did not pay the initial partial filing fee.[8] Petitioner attaches a withdrawal slip to the letter as evidence that he attempted to pay the fee in this action, but the withdrawal slip clearly indicates that Potillo requested a withdrawal in the amount of $5.00 for Civil Action No. 24-551-SDD-SDJ, not this action.[9] That payment was properly applied to Civil Action No. 24-551-SDD-SDJ, and as a result, that action was not dismissed for failure to pay the $5.00 filing fee.[10] The purpose of a Rule 59(e) motion is not to allow a plaintiff another chance to litigate his claims.[11] Plaintiff has not shown he is entitled to the extraordinary relief provided by a Rule 59 motion, as there was no error in the Court's opinion dismissing the action, and the new "evidence" does not satisfy the show cause previously issued by this Court.[12]  Accordingly,

**IT IS ORDERED** that Plaintiff's Motion to Alter or Amend the Judgment[13] is **DENIED**.

Signed in Baton Rouge, Louisiana, on October 3, 2025.

_____
**JUDGE JOHN W. deGRAVELLES
UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF LOUISIANA**

---

[7] R. Docs. 8, 9, 10, & 11.
[8] R. Docs. 9 & 13.
[9] R. Doc. 13-1.
[10] The filing fee in this action is $51.02. R. Doc. 7.
[11] *N. Cypress Med. Ctr. Operating Co. v. Blue Cross Blue Shield of Texas*, 2010 WL 2245075, at *1 (S.D. Tex. Jun.October 3, 2025 2, 2010).
[12] R. Doc. 8. Additionally, any evidence that could have been previously submitted, but was not, would not be properly considered in connection with a Rule 59 motion.
[13] R. Doc. 13.